```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -:
OWEN W. BROWN,                          : 06 Civ. 1718 (RJH) (JCF)
                                        :
        Plaintiff,                      :      REPORT AND
                                        :      RECOMMENDATION
   - against -                          :
                                        :
UNITED STATES OF AMERICA,               :
                                        :
        Defendant.                      :
- - - - - - - - - - - - - - - - - - - -:
```
TO THE HONORABLE RICHARD J. HOLWELL, U.S.D.J.:

Owen Brown brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Because the petition is time-barred, I recommend that it be dismissed.

Background

Mr. Brown was charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). United States v. Brown, 04 Cr. 977 (RJH). He pled guilty, and a judgment of conviction was entered on December 21, 2004. He did not appeal, but instead filed the instant petition, arguing, among other things, that he had not been apprised of the immigration consequences of the conviction at the time he entered his plea. He signed the petition and placed it in the prison mailing system on February 7, 2006.[1]

---

[1] On May 22, Mr. Brown submitted an application for a preliminary injunction staying his deportation and releasing him from detention by the Department of Homeland Security. I directed the government to respond, but by the time it did so, the petitioner had already been deported. I therefore denied the motion as moot. (Memorandum Endorsement dated June 8, 2006).

1

Discussion

Where a criminal defendant does not take a direct appeal, his conviction is deemed final when the time for filing a notice of appeal expires. See Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005). In this case, Mr. Brown had ten days within which to appeal. Fed. R. App. Pro. 4(b)(1)(A). Thus, his conviction became final ten days after December 21, 2004, which is January 7, 2005.

The statute of limitations for filing a federal habeas corpus petition is generally one year from the date the conviction became final. 28 U.S.C. § 2255. Since Mr. Brown has suggested no basis for tolling, the limitations period in this case expired on January 7, 2006. And, because he did not file his petition until a month after that, it is time-barred.

Conclusion

For the reasons set forth above, I recommend that the petition be dismissed. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 62, 6(a), and 6(e) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Richard J. Holwell, Room 1950, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude

appellate review.

Respectfully submitted,

_James C. Francis IV_
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         June 29, 2005


Copies mailed this date to:

Owen W. Brown
107695
Middlesex Court Corrections (INS)
P.O. Box 266
New Brunswick, New Jersey 08903

Christopher L. Garcia, Esq.
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007